UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

UNION HOME MORTGAGE CORP.

       Plaintiff

v.                                                        NO.: _____

KANDIE R. LEE
STEVE LEE
       Defendants.
_____/

Plaintiff, Union Home Mortgage Corp., by and through their attorneys, and as their Complaint against Defendants, Kandie R. Lee and Steve Lee, states as follows:

## THE PARTIES

1. Union Home Mortgage is an Ohio corporation authorized to conduct business in the State of Michigan, with its principal place of business in Strongsville, Ohio.

2. Kandie R. Lee is an individual residing in Michigan.

3. Steve Lee is the spouse of Kandie R. Lee and an individual residing in Michigan.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under 28 U.S.C. 1332(a) because the parties are citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper because the real property that is subject of this Complaint is located at 46619 Poma Court, Macomb, Michigan 48044, which is located in Macomb County, Michigan, in the Eastern District of Michigan, and the Eastern District of Michigan is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. 1391(b)(1) & (2); 28 U.S.C. 102(a)(1).

## FACTUAL BACKGROUND

6. On May 23, 2019, Kandie R. Lee (the "Borrower") executed a Promissory Note in favor of Union Home Mortgage Corp. ("Union Home Mortgage") in the original sum of THREE HUNDRED TWENTY-NINE THOUSAND EIGHT HUNDRED DOLLARS AND NO/100 ($329,800.00) (the "Note"). A true and correct copy of the Note is attached as "**Exhibit A**."

7. In conjunction with this transaction, Kandie R. Lee, a married woman, executed and delivered to Mortgage Electronic Registration Systems, Inc. as mortgagee, as nominee for Union Home Mortgage, its successors, and assigns, a

Mortgage (the "Mortgage") dated simultaneously with the Note, which was recorded on May 29, 2019, in the Recording District of Macomb, Michigan at Liber. 25982, Page 866, Document No. 9059486. A true and correct copy of the Mortgage is attached as "**Exhibit B**."

8.  The Mortgage was transferred from Mortgage Electronic Registration Systems, Inc. to Union Home Mortgage by Assignment of Mortgage recorded on January 15, 2020, in the Recording District of Macomb, Michigan at Liber. 26456, Page 0019, Document No. 20202006149. A true and correct copy of the Assignment of Mortgage is attached as "**Exhibit C**."

9.  The Mortgage was later transferred from Union Home Mortgage to U.S. Bank Trust National Association, as trustee of the FW-BKPL Series I Trust, by Assignment of Mortgage recorded on May 12, 2021, in the Recording District of Macomb, Michigan at Liber. 27699, Page 402, Document No. 202102180007. A true and correct copy of the Assignment of Mortgage is attached as "**Exhibit D**."

10. Three months after it no longer held any recorded interest in the Mortgage, Union Home Mortgage executed and recorded a Discharge of Mortgage in the Recording District of Macomb, Michigan, on August 3, 2021, at Liber. 27898, Page 640, Document No. 202102180007. A true and correct copy of the Discharge of Mortgage is attached as "**Exhibit E**."

11. On December 1, 2020, the Borrower and Steve Lee contacted Union Home Mortgage and requested a forbearance from making monthly mortgage payments due to the economic impact of COVID-19. The COVID-19 forbearance was executed and active from December 1, 2020, through February 28, 2021.

12. On January 26, 2021, the Borrower requested an extension of her COVID-19 forbearance from March 1, 2021, through May 31, 2021. A COVID-19 forbearance extension was executed and received by Union Home Mortgage on February 1, 2021.

13. On January 28, 2021, Steve Lee spoke with Union Home Mortgage about their post-forbearance delinquency and deferral options if they could not pay all back amounts owed to Union Home Mortgage.

14. On February 22, 2021, Union Home Mortgage transferred servicing of the Borrower's loan to SN Servicing Corp and notified the Borrower of the transfer. At the time of the loan servicing transfer, the Borrower was active on a COVID-19 forbearance with the account due for the December 1, 2020 payment and all subsequent monthly payments.

15. Despite knowledge of the servicing transfer to SN Servicing Corp., the Borrower and Steve Lee contacted Union Home Mortgage on May 10, 2021, to request a third extension on the COVID-19 forbearance for all amounts due and owing from June 1, 2021, through August 31, 2021.

16. On July 26, 2021, Steve Lee called Union Home Mortgage regarding collection notices on their mortgage.

17. On August 10, 2021, Steve Lee spoke with Union Home Mortgage about the loan servicing transfer.

18. On or about August 31, 2021, Kandie R. Lee sold the real property encumbered by the Mortgage to J Way Investments, LLC for THREE HUNDRED THIRTY-FIVE THOUSAND DOLLARS AND NO/100 ($335,000.00).

19. A Warranty Deed evidencing the sale and transfer of title was recorded on October 25, 2021, at Liber. 28132, Page 313 in the Recording District of Macomb, Michigan, Document No. 202102259059. A true and correct copy of the Warranty Deed is attached as "**Exhibit F**."

20. Despite her knowledge of the amounts due and owing on the Note and Mortgage, the Borrower did not submit any of the funds from the sale of the real property to effectuate a mortgage payoff.

21. On April 7, 2022, Union Home Mortgage reacquired the Borrower's loan from SN Servicing Corp and its investor.

22. On April 8, 2022, Union Home Mortgage, by and through its undersigned counsel, issued a demand for payment to the Borrower for its total payoff amount due and owing in the amount of $340,770.01.

23. Union Home Mortgage is the owner in possession of and entitled to enforce the Note and Mortgage, has performed all its obligations to be performed under the same, and has issued all necessary pre-suit demands if any.

## COUNT I
## BREACH OF NOTE

24. Union Home Mortgage reincorporates the allegations of paragraphs 1-23 of its Complaint as though fully set forth herein.

25. According to the Note, the Borrower agreed to pay, on demand, all outstanding sums under the Note.

26. Despite Union Home Mortgage's demand, Borrower failed to pay, on demand, all outstanding sums under the Note.

27. Plaintiff issued all required demands under the Note; however, the Borrower failed and refused to fulfill her obligations under the Note.

28. As a result of the Borrower's default on the Note, all sums evidenced by the same are now due and owing, including, as of April 15, 2022, the total balance of $340,770.01, plus all accruing interest and attorneys' fees and costs incurred in protecting and enforcing Union Home Mortgage's rights under the Note and Mortgage.

29. The Borrower's conduct has caused damage to Union Home Mortgage.

## COUNT II
## FRAUDULENT CONVERSION

30. Union Home Mortgage reincorporates the allegations of paragraphs 1-29 of its Complaint as though fully set forth herein.

31. The Borrower wrongfully exerted control over the funds that were paid by J Way Investments, LLC for the sale of the real property encumbered by the Mortgage.

32. The Borrower knew or should have known that the sale proceeds she received, accepted, and retained from J Way Investments, LLC were required to pay off the total amounts due and owing on the Note and Mortgage.

33. The Borrower has improperly, illegally, and/or fraudulently obtained, taken, concealed, sold, conveyed, secured, and/or transferred the sale proceeds.

34. As a consequence and proximate result of the Borrower's knowing and intentional conduct, Union Home Mortgage has suffered damages.

35. The Borrower's conduct was knowing, willful, wanton, and malicious.

36. The Borrower has refused to unconditionally tender the payoff amounts Union Home Mortgage is entitled to under the Note and Mortgage.

## COUNT III
## UNJUST ENRICHMENT

37. Union Home Mortgage reincorporates the allegations of paragraphs 1-36 of its Complaint as though fully set forth herein.

38. As is set forth herein, the Borrower unjustly benefitted from the sale proceeds obtained, received, and withheld by failing to pay off and satisfy her contractual obligations under the Note and Mortgage.

39. The Borrower was required to obtain a payoff statement for the amounts due and owing on the Note and Mortgage before selling the real property to J Way Investments, LLC.

40. The Borrower did not submit a payoff request but knowingly accepted the $335,000.00 in sale proceeds from J Way Investments, LLC and retained them for her use, knowing she did not have any entitlement.

41. The Borrower was required to turn over those sale proceeds and failed to do so.

42. It would be inequitable if the Borrower were permitted to retain the benefits she gained without paying the total amounts obligated under the Note and Mortgage to Union Home Mortgage.

43. The equitable remedy for restitution when unjust enrichment has occurred is restitution and/or recovery of the property, proceeds and other amounts by which the Borrower has been unjustly enriched as a result of sale conduct, together with interest, costs, and attorneys' fees.

44. The Borrower's obligations to Union Home Mortgage under the Note and Mortgage were never satisfied as the Borrower failed to pay off her obligations.

The Borrower has been unjustly enriched by retaining the sale proceeds to which she had no entitlement.

45. The foregoing acts by the Borrower have caused substantial harm to Union Home Mortgage.

## COUNT IV
## AIDING AND ABETTING

46. Union Home Mortgage reincorporates the allegations of paragraphs 1-45 of its Complaint as though fully set forth herein.

47. Union Home Mortgage has suffered actual damages as a proximate cause of the Borrower's breach of Note and fraudulent conversion of monies.

48. Steve Lee knew the nature and scope of the Borrower's financial relationship with Union Home Mortgage.

49. As stated above, Steve Lee knew of and encouraged, induced, and actively participated in the Borrower's breach of Note and fraudulent conversion of monies.

50. Union Home Mortgage has suffered actual damages as a proximate result of Steve Lee's aiding and abetting the Borrower's Breach of Note and Fraudulent Conversion of monies.

## COUNT V
## CONSPIRACY

51. Union Home Mortgage reincorporates the allegations of paragraphs 1-50 of its Complaint as though fully set forth herein.

52. As detailed throughout this Complaint, the Borrower and Steve Lee cooperated or formed an agreement, plan, or plot to convert monies owed to Union Home Mortgage or defraud Union Home Mortgage.

53. As detailed throughout this Complaint, the Borrower and Steve Lee intended to achieve unlawful results and/or lawful results by illegal means by converting monies owed Union Home Mortgage or defrauding Union Home Mortgage.

54. As detailed throughout this Complaint, due to the conspiracy between the Borrower and Steve Lee to convert monies owed to Union Home Mortgage or defraud Union Home Mortgage, Union Home Mortgage has suffered damage.

**WHEREFORE,** Union Home Mortgage demands the following relief:

A. Judgment in its favor and against Kandie R. Lee and Steve Lee in the amount of $340,770.01, plus all accruing pre-judgment and post-judgment interest;

B. Union Home Mortgage's costs and reasonable attorney fees incurred in pursuing this matter as permitted under the Note and Mortgage; and

C. Equitable relief, including restitution and/or recovery, and

D. Any and all other relief this Court deems just and appropriate.

Respectfully submitted,

**DINSMORE & SHOHL LLP**

/s/ *Richik Sarkar*
DINSMORE & SHOHL LLP
Richik Sarkar (P84123)
*Attorney for Union Home Mortgage*
North Point Tower
1001 Lakeside Avenue, Suite 990
Cleveland, OH 44114
(248) 203-1655 / (248) 647-5210 (fax)
richik.sarkar@dinsmore.com

/s/ *J. Travis Mihelick*
DINSMORE & SHOHL LLP
J. Travis Mihelick (P73050)
*Attorney for Union Home Mortgage*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
travis.mihelick@dinsmore.com